FEE DUE

RELATED DDJ

NAME _BRUCE RICHARD SENATOR_

PRISON IDENTIFICATION/BOOKING NO. _BL0485_

ADDRESS OR PLACE OF CONFINEMENT _CDCR/ VALLEY STATE PRISON_
_21633 Ave. 24_
_P.O. Box 92_
_Chowchilla, CA. 93610_

Note:    It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his or her
name, address, telephone and facsimile numbers, and e-mail address.

FILED
CLERK, U.S. DISTRICT COURT

NOV 16 2022

CENTRAL DISTRICT OF CALIFORNIA
BY FEE                        DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

_BRUCE RICHARD SENATOR_
FULL NAME (Include name under which you were convicted )

Petitioner,

v.

_L. BIRD, WARDEN_
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

CV _8:22-CV-02094-SVW(PLA)_
To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY
## 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION _ORANGE_
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number )
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.    You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.    When you have completed the form, send the original and two copies to the following address:

Clerk of the United States District Court for the Central District of California
United States Courthouse
ATTN: Intake/Docket Section
255 East Temple Street, Suite TS-134
Los Angeles, California 90012

CV-69 (05/18)          PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254)          Page 1 of 11

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

### PETITION

1. Venue

   a. Place of detention _____COOL/ VALLEY STATE PRISON_____

   b. Place of conviction and sentence ___Los Angeles County (sitting as Orange County Superior Court)___

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).

   a. Nature of offenses involved (*include all counts*) : __THREATEN PUBLIC OFFICIAL__
   __THREATEN PUBLIC OFFICER__

   b. Penal or other code section or sections: __PENAL CODE §76, §71__

   c. Case number: __19CF1176__

   d. Date of conviction: __8-13-2019__

   e. Date of sentence: __10-11-2019__

   f. Length of sentence on each count: __7 YEARS 4 MONTHS__

   (Appendix: 1)

   g. Plea (*check one*):

      ☐ Not guilty

      ☐ Guilty

      ☒ Nolo contendere

   h. Kind of trial (*check one*):

      ☐ Jury

      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☒ Yes ☐ No

   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):

   a. Case number: __0077983__

   b. Grounds raised (*list each*):

      (1) __WITHDRAWAL OF NO CONTEST PLEA PER DUE PROCESS AND PENAL CODE §1018.__

      (2) __DENIAL OF MOTION TO DISMISS STRIKE ALLEGATION FOR SENTENCE ENHANCEMENT.__

    (3) _____

    (4) _____

    (5) _____

    (6) _____

c.  Date of decision:  *9-9-2021*

d.  Result  *AFFIRMED*    *(APPENDIX: 2)*

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☒ Yes  ☐ No

If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number:  *S271635   PETITION FOR REVIEW ON DIRECT APPEAL   D077983*

b.  Grounds raised *(list each)*:

    (1)  *(SEE NEXT PAGE)*

    (2) _____

    (3) _____

    (4) _____

    (5) _____

    (6) _____

c.  Date of decision:  *1-5-2022*    *(APPENDIX: 4)*

d.  Result  *'DEEMED' DENIED PER CALIF. RULES of CT., RULE 8.512 (b)(2).*

5.  If you did not appeal:

a.  State your reasons _____

b.  Did you seek permission to file a late appeal?  ☐ Yes  ☐ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
☒ Yes  ☐ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court:  *CALIF. COURT OF APPEAL, FOURTH APPELLATE DISTRICT, DIVISION ONE*

    (2) Case number:  *D078906*  *PETITION FOR WRIT OF HABEAS CORPUS IN CONJUNCTION WITH DIRECT APPEAL D077983*

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:  *5-11-2021*

| | | |
|---|---|---|
| 4. | a. | S271635  PETITION FOR REVIEW (ON DIRECT APPEAL  OO>7983) |

| | | |
|---|---|---|
| b. | (1) | ARREST & DETENTION UNLAWFUL. |
| | (2) | CONSTITUTIONALLY PROTECTED SPEECH |
| | (3) | VINDICTIVE PROSECUTION FOR EXERCISING LEGAL RIGHTS |
| | (4) | SELECTIVE PROSECUTION FOR EXERCISING LEGAL RIGHTS. |
| | (5) | DISCRIMINATORY ENFORCEMENT OF THE LAWS |
| | (6) | OUTRAGEOUS GOVERNMENT CONDUCT. |
| | (7) | CONVICTION OBTAINED VIA DURESS. |
| | (8) | PROSECUTORIAL MISCONDUCT. |
| | (9) | STATE ERROR CONVICTION BY PARTIAL, NOT "ENTIRE ACT." |
| | (10) | JUDICIAL BIAS VIA FAILURE TO PROTECT. |
| | (11) | JUDICIAL BIAS VIA DISPARAGEMENT. |
| | (12) | INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL; 995 MOTION. |
| | (13) | INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL; PERSONAL JURISDICTION |
| | (14) | CUMULATIVE ERROR. |
| | (15) | INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL. |

3.1

(4) Grounds raised *(list each)*:

(a) _( SEE NEXT PAGE )  0078906_

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _9-9-2021_

(6) Result _DENIED_                          _(APPENDIX: 3)_

(7) Was an evidentiary hearing held?     ☐ Yes   ☒ No

b.  (1) Name of court: _CALIF. SUPREME COURT_

(2) Case number: _S271634  PETITION FOR REVIEW ON PETITION FOR WRIT OF HABEAS CORPUS IN CONJUNCTION WITH DIRECT APPEAL 0078906_

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _11-15-2021_

(4) Grounds raised *(list each)*:

(a) _( SEE NEXT PAGE )  S271634_

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _12-15-2021_

(6) Result _DENIED_                          _(APPENDIX: 5)_

(7) Was an evidentiary hearing held?     ☐ Yes   ☐ No

c.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

6. a. (4)    0078906   PETITION FOR WRIT OF HABEAS CORPUS IN CONJUNCTION

WITH DIRECT APPEAL   0077983

    (a)   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

    (b)   No "FULL AND FAIR OPPORTUNITY TO LITIGATE."

    (c)   INALIENABLE RIGHTS TO:

        (i)   PERSONAL SELF-DETERMINATION.

        (ii)   EXPRESS PERSONAL OPINIONS.

        (iii)  SAFE CONDITIONS OF DETENTION.

        (iv)  EFFECTIVE APPELLATE REPRESENTATION.

            (A).  RAISING ALL ISSUES OF MERIT

            (B)  NOT FABRICATING ISSUES.

        (v)   APPELLATE RULINGS BASED UPON:

            (A)  FACT

            (B)  MERIT

            (C)  NOT FABRICATION.

b. (4)   S271634   PETITION FOR REVIEW (ON PETITION FOR WRIT OF

HABEAS CORPUS IN CONJUNCTION WITH DIRECT APPEAL 0078906)

    [ SAME AS ABOVE IN '6. a.' ]

4.1

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes ☐ No

7.   Did you file a petition for certiorari in the United States Supreme Court?      ☐ Yes      ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

8.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than five grounds.  Summarize briefly the <u>facts</u> supporting each ground.  For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**      *Exhaustion Requirement*:  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

a.   Ground one: *( SEE NEXT PAGE FOR "EXHAUSTION OF ISSUES" FOR EACH GROUND. )*

*( SEE ATTACHED PETITION FOR WRIT OF HABEAS CORPUS BY A*

(1) Supporting FACTS: *PERSON IN STATE CUSTODY ( 28 U.S.C. §2254)*

*FOR EACH OF GROUNDS 1 ~ 20 SUPPORTING FACTS        . )*

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?      ☐ Yes      ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?      ☐ Yes      ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?      ☐ Yes      ☐ No

b.   Ground two: _____

_____

(1) Supporting FACTS: _____

_____

8.                        EXHAUSTION OF ISSUES

| | | Ct. of Appeal | Supreme PFR | Supreme Habeas |
|---|---|---|---|---|
| GROUNDS: | | Y/N | Y/N | Y/N |
| 1. | ENTRY INTO HOME/ARREST. | | Y | |
| 2. | REASSIGNMENT INVALID | | | |
| 3. | REASSIGNMENT proceeding | | | |
| 4. | "ASSIGNED FOR ALL purposes" | | | |
| 5. | OPINIONS NOT prosecutable | Y | | Y |
| 6. | VERBIAGE NOT TRUE THREAT | | | |
| 7. | OPINIONS ACT OF SELF-DEFENSE | | | |
| 8. | BRADY VIOLATION | | | |
| 9. | ALTERING EVIDENCE | | | |
| 10. | STRUCTURAL ERROR/"ENTIRE ACT" | | Y | |
| 11. | $995 HEARING AND "BRADY COVER" | | | |
| 12. | STRUCTURAL ERROR/BIASED COURT | | Y | |
| 13. | PLEA TAKEN UNDER DURESS | Y | Y | |
| 14. | SENTENCING ALLOCUTION | | | |
| 15. | SENTENCING MITIGATING FACTORS | | | |
| 16. | SENTENCING ROMERO MOTION | Y | | |
| 17. | SENTENCING MULTIPLE PUNISHMENTS. | | | |
| 18. | INEFFECTIVE ASSISTANCE/TRIAL COUNSEL | | Y | |

[GROUNDS: 1 – 18 CURRENTLY ON HABEAS CORPUS BEFORE STATE TRIAL (SUPERIOR) COURT.]

| 19. | COURT OF APPEAL JURISDICTION | | | |
|---|---|---|---|---|
| 20. | INEFFECTIVE ASSISTANCE/ APPELLATE COUNSEL | Y | Y | Y |

[GROUNDS: 19-20 WILL BE PUT BEFORE STATE COURT OF APPEAL AND SUPREME COURT
ON HABEAS CORPUS, IF HABEAS RELIEF DENIED AT TRIAL COURT AS THESE
TWO GROUNDS DO NOT APPLY TO TRIAL COURT REVIEW.]

5.1

_____

_____

_____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

    (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

    (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

c.  Ground three: _____

_____

    (1) Supporting FACTS: _____

_____

_____

_____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

    (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

    (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

d.  Ground four: _____

_____

    (1) Supporting FACTS: _____

_____

_____

_____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

    (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

    (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

e.  Ground five: _____

_____

    (1) Supporting FACTS: _____

_____

_____

_____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

9.  If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes    ☒ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes ☐ No

b.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?     ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?     ☒ Yes     ☐ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: *ORANGE COUNTY SUPERIOR COURT*

(2) Case number: *(UNKNOWN)*

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: *OCT. 31, 2022 MAILED*

(4) Grounds raised *(list each)*:

(a) *(GROUNDS: 1 - 18 IN THE ATTACHED PETITION FOR WRIT OF HABEAS*

(b) *CORPUS BY A PERSON IN STATE CUSTODY.)*

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?     ☐ Yes ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___*11/10/2022*___          *Bruce R. Senator*
　　　　　　　　*Date*　　　　　　　　　　　*Signature of Petitioner*

BRUCE R. SENATOR
CDCR / VALLEY STATE PRISON
21633 AVE. 24
P.O. Box 92
CHOWCHILLA, CA. 93610

PRISONER ID: BL0485

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


BRUCE RICHARD SENATOR     :  No. _____

    PETITIONER     :

             :  PETITION FOR WRIT OF

    VS.     :  HABEAS CORPUS BY A PERSON

             :  IN STATE CUSTODY

L. BIRD, WARDEN,     :

    RESPONDENT     :  (28 U.S.C. § 2254)


BRUCE R. SENATOR

Bruce R. Senator

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................. iv

FORWARD ............................................................. 1.

INTRODUCTION   (A) ............................................... 2.
    IMPEDANCE TO FULL AND FAIR OPPORTUNITY TO LITIGATE

INTRODUCTION   (B) ............................................... 8.
    HISTORY OF EVENTS ON ARREST, TRIAL, AND POST-CONVICTION

GROUNDS FOR RELIEF:

1. ENTRY INTO HOME, AND ARREST UNLAWFUL. ................... 14.

2. REASSIGNMENT OF CASE TO OUT-OF-COUNTY JUDGE INVALID ... 15.

3. REASSIGNMENT OF CASE TO OUT-OF-COUNTY JUDGE PROCEEDING ... 16.
    VIOLATED STATE-CREATED LIBERTY INTERESTS.

4. "ASSIGNED FOR ALL PURPOSES," OR STEERING TO SPECIFIC ... 17.
    JUDGE TO SHORT-CIRCUIT PEREMPTORY CHALLENGE.

5. DEFENDANT'S "OPINIONS" WHILE REPUGNANT ARE NOT ......... 18.
    PROSECUTABLE

6. DEFENDANT'S 'VERBIAGE' NOT A "TRUE THREAT." ............ 19.

7. "OPINIONS" AND VERBIAGE AS CLEAR RESPONSE TO RAMPANT ... 20.
    ABUSE BY TRIAL COURTS, IS AN ACT OF SELF-DEFENSE.

8. BRADY VIOLATION AND STRUCTURAL ERROR BY PROSECUTING ... 21.
    ON PARTIAL ACT INSTEAD OF ENTIRE ACT.

9. ALTERING AND HIGHLIGHTING SPECIFIC PARTS OF EVIDENCE ... 22.
    TAINTED VICTIM/WITNESS RESPONSES.

10. STRUCTURAL ERROR BY COURT ACTING TO SUPPRESS ......... 23.
    ENTIRE ACT.

11.   PENAL CODE §995 HEARING USING "BUDDY COURT"                    24.

      INHERENTLY PREJUDICIAL.

12.   STRUCTURAL ERROR VIA STATEMENTS OF CLEAR BIAS                  25.

      BY TRIAL COURT.

13.   PLEA TAKEN UNDER DURESS.                                       26.

14.   SENTENCING ALLOCUTION MUZZLED.                                 27.

15.   SENTENCING MITIGATING FACTORS GREATLY OUTWEIGHED               28.

      AGGRAVATING FACTORS.

16.   SENTENCING ROMERO MOTION SHOULD HAVE BEEN GRANTED.             29.

17.   SENTENCING MULTIPLE PUNISHMENTS.                               30.

18.   SERIAL INSTANCES OF INEFFECTIVE ASSISTANCE OF                  31.

      TRIAL COUNSEL

19.   COURT OF APPEAL LACKED JURISDICTION.                           32.

20.   INEFFECTIVE ASSISTANCE OF STATE APPELLATE COUNSEL              33.


CONCLUSION                                                           34.


PRAYER FOR RELIEF                                                    35.


PROOF OF SERVICE

*TABLE OF AUTHORITIES*

CASES:

BRADY V. MARYLAND (1963) 373 U.S. 83 -- 21

PEOPLE V. HARRIS (1989) 47 Cal. 3d 1047 -- 30

PEOPLE IN INTEREST OF R.D. (Colo. 2020) 464 P.3d 717 -- 19

STATUTES:

CIVIL CODE        § 43        --    20, 32
                  § 50        --    20, 32
EVID. CODE        § 356       --    21-23
GOV'T. CODE       § 69740     --    16
PENAL CODE        § 182       --    11
                  § 187       --    11
                  § 197       --    32
                  § 654       --    36
                  § 664       --    11
                  § 995       --    24, 31
                  § 1033      --    16
                  § 1036      --    16
                  § 2601      --    2
                  § 2653      --    9
                  § 2656      --    9
18 U.S.C.         § 1111      --    12
                  § 1113      --    12
                  § 1117      --    12
                  § 2331      --    12
                  § 2340      --    12

REGULATIONS; 15 C.C.R. Div. 3 (COCR):

§ 3004    --    3.

§ 3163    --    2.

§ 3391    --    3.

§ 3400    --    3.

§ 3480 ET SEQ    --    2.

CALIF. SUPREME COURT; R-453-18 --    10, 15.

CALIF. CONST. ART. I, § 1    --    14, 16-23, 26, 32,

§ 2    --    18-20, 27.

§ 7    --    14, 17, 19-28, 30-31.

§ 13    --    14

§ 14    --    15-17, 19-20, 31.

§ 15    --    14-17, 21-28, 30, 31, 33.

§ 17    --    19, 29.

§ 28    --    21-23, 27-28.

§ 30    --    21, 23

ART. VI § 11    --    32

§ 12    --    32.

U.S. CONST. AMENDS.: FIRST    --    18-20,

FOURTH    --    14,

FIFTH    --    14-17, 19-23, 32

SIXTH    --    15-17, 19, 21-23, 32, 33.

EIGHTH    --    19-20, 29.

FOURTEENTH    --    14-33,

# FORWARD

PETITIONER'S HABEAS PLEADING HAS BEEN PREJUDICIALLY HAMPERED BY YEARS OF THREAT, CARRYING OUT OF THREATS, CONFISCATION OF LEGAL WORK PRODUCT, DESTRUCTION OF LEGAL WORK PRODUCT, AND LOCK-DOWN OF LEGAL WORK PRODUCT STORED DIGITALLY ON PETITIONER'S CDCR-APPROVED JPAY (JP5s) TABLET, IN ADDITION TO MULTIPLE MURDER ATTEMPTS ... INITIATED BY CDCR PRISON OFFICIALS.

THUS FROM THE STANDPOINT OF "MEANINGFUL ACCESS" IMPEDED BY WAY OF IMPEDING ACCESS TO LEGAL WORK PRODUCT, OR FROM THE STANDPOINT OF NAVIGATING INCESSANT CDCR-ENGINEERED SERIAL MURDER ATTEMPTS, PETITIONER:

    (a) DOES NOT HAVE A "FULL AND FAIR OPPORTUNITY TO LITIGATE,"
       ... AND ...

    (b) WILL NOT HAVE A "FULL AND FAIR OPPORTUNITY TO LITIGATE"

INTRODUCTION (A) AND INTRODUCTION (B) SET THE STAGE, AND TONE FROM THE APRIL 22-23, 2019 INCIDENT, TO THE ONGOING IMPEDANCE TO "MEANINGFUL ACCESS" AND A "FULL AND FAIR OPPORTUNITY TO LITIGATE."

HOWEVER, DUE TO STATE AND FEDERAL RULES AND STATUTES, SO AS TO NOT DEFAULT, THIS PETITION MUST AT LEAST BE SUBMITTED, EVEN AS INCOMPLETE AND IN NEED OF BETTER ARTICULATION, CITATION TO THE RECORD (SPECIFICITY), AND CITATION TO CASE LAW.

# I.                    INTRODUCTION  (A)

## IMPEDANCE TO FULL AND FAIR OPPORTUNITY TO LITIGATE

EVER SINCE PETITIONER WROTE THREE (3) ESSAYS (1988-1990) CHALLENGING THE MERIT AND EFFICACY OF THE "ADVERSARIAL SYSTEM OF JURISPRUDENCE", HE HAS BEEN ALL BUT BARRED FROM LITIGATING BEFORE ANY COURT, STATE OR FEDERAL, OR ADMINISTRATIVE AGENCY.

UPON ENTERING THE CALIF. DEPT. OF CORRECTIONS & REHABILITATION (CDCR) FOR THIS PRISON TERM ON DEC. 11, 2019:

(1) PETITIONER WAS TOLD BY HEALTH CARE DR. S. HTAY "YOU QUALIFY FOR NOTHING", WITHOUT ANY MEDICAL EXAM, AT WHICH CDCR's CALIF. CORRECTIONAL HEALTH CARE SERVICES (CCHCS) HAVE RITUALLY TORTURED... FOR YEARS.

(2) PETITIONER WAS TOLD, OUTRIGHT, BY CDCR CUSTODY STAFF AT WASCO STATE PRISON-RECEPTION CENTER (WSP) OF CDCR's INTENT TO HAVE PETITIONER MURDERED BY OTHER INMATES.

SUBSEQUENTLY AFTER TRANSFER TO CALIF. SUBSTANCE ABUSE TREATMENT FACILITY AND STATE PRISON (CASATF), ON MARCH 8, 2020 LT. D. LOPEZ THREATENED PETITIONER:

(a) DO NOT LITIGATE (LAWFUL PER P.C. §2601)
(b) DO NOT FILE ADMINISTRATIVE GRIEVANCES (15 C.C.R. §3480 ET SEQ.)
(c) DO NOT ASSIST INMATES; (LAWFUL PER 15 C.C.R. §3163)

2.

1    PETITIONER WAS AGAIN THREATENED BY Lt. D. LOPEZ AUG. 11, 2020
2    TO NOT LITIGATE, Lt. LOPEZ GOING SO FAR AS TO LOG INTO THE ORANGE
3    COUNTY SUPERIOR COURT WEBSITE, GO INTO THE 'CIVIL' LITIGATION OF
4    SENATOR v. COUNTY OF ORANGE, NO. 30-2020-01141111, READING OUTLOUD
5    THE COURT'S ORDER, AND, BOOMING IT OVER HIS COMPUTER SPEAKERS
6    THROUGHOUT THE FACILITY-F PROGRAM OFACE, (VIOLATING 15 C.C.R.
7    §3400 "FAMILIARITY"; §3391 "EMPLOYEE AND APPOINTEE CONDUCT";
8    §3004 "RIGHTS AND RESPECT OF OTHERS"
9
10    PETITIONER, EVEN AS THREATENED, EXERCISED HIS RIGHTS:
11        (a)  LITIGATING
12        (b)  FILING ADMINISTRATIVE GRIEVANCES
13        (c)  ASSISTING INMATES
14
15    ON FEB. 14, 2021 INMATE ALFREDO GARCIA (AD8211) SUFFERED A
16    480-volt ELECTRICAL SHOCK WORKING IN THE FACILITY-F KITCHEN, CIVILIAN
17    KITCHEN STAFF, AND CDCR CUSTODY STAFF ACTED TO:
18        (a)  IMPEDE PROVISION OF MEDICAL CARE
19        (b)  ALTER KITCHEN LOG BOOKS
20        (c)  PREVENT NOTIFICATION OF A SERIOUS INJURY TO:
21            (i)  STATE COMPENSATION INSURANCE FUND
22            (ii)  Cal/OSHA
23            (iii)  WORKERS' COMPENSATION APPEALS BOARD.
24
25    FROM FEB. 14, 2021 THROUGH JUNE 20, 2021 CDCR officials:
26        (a)  PROVIDED PERSONAL INFORMATION OF PETITIONER TO INMATES
27        (b)  PROVIDED PRIOR LITIGATION INFORMATION OF PETITIONER
28            (SENATOR v. CALDWELL; DENTAL MALPRACTICE LITIGATION)

3.

1    TO INMATE KEITH WRIGHT (INFORMANT/OPERATIVE) FOR

2    USE TO INCITE INMATE ELIJAH THOMPSON TO MURDER

3    PETITIONER.

4

5    ON JUNE 24, 2021, AT THE ACTIVE DIRECTION OF LT. O. LOPEZ,

6    SGT. ROCHA, SGT. PARRA, AND OTHER CUSTODIAL AND ADMINISTRATIVE

7    STAFF, INMATE KEITH WRIGHT ... DIRECTED AND INCITED INMATE

8    ELIJAH THOMPSON TO ATTACK AND MURDER PETITIONER AT 7:15 A.M.

9

10    WHILE BLOODIED AND SCALP BRUTALLY CUT OPEN, AND PACKING

11    UP PERSONAL PROPERTY TO LEAVE, INMATE WRIGHT DIRECTED INMATE

12    THOMPSON TO SNEAK INTO THE 8-MAN CELL AND ATTACK, AGAIN.

13

14    PETITIONER SURVIVED, BUT WITH HEAD INJURIES, INTRA-OCCULAR

15    INJURY, RIGHT-SIDE MASTOID AIR CELL CRUSHING CAUSING "DYSEQUILIBRIUM."

16

17    SURVIVING THE COCR PLANNED MURDER, LT. O. LOPEZ, SGT. ROCHA,

18    SGT. DAVIS, AND MANY OTHER CUSTODIAL AND ADMINISTRATIVE STAFF

19    ENGAGED WITH CORRECTIONAL COUNSELOR D. SINGER TO ... AGAIN, SEED

20    PERSONAL AND LITIGATION TO INMATES ON FACILITY-G, DOING SO OVER

21    AT LEAST A 4-WEEK PERIOD. TOPPING IT OFF, D. SINGER STATED TO

22    INMATES THAT PETITIONER WAS "LAW ENFORCEMENT."

23

24    ON AUG. 20, 2021 PETITIONER WAS TRANSFERRED TO ... FACILITY-G,

25    AND WITHIN DAYS WAS CONFRONTED WITH, AGAIN, BEING MURDERED. AFTER

26    DAYS OF ATTEMPTING TO ALLEVIATE THE SITUATION, UPON ACTING TO HAVE

27    CUSTODIAL STAFF REMOVE PETITIONER ON AUG. 27TH, SGTS. ROCHA AND DAVIS

28    REPEATEDLY ORDERED PETITIONER TO HOUSE ... WHERE MURDERERS WAITED.

4.

1   From August 2021 through January 2022, the CASATF
2   Warden got into the act, attempting to transfer petitioner to:
3        (a)   Sierra Conservation Center (SCC)
4        (b)   An SCC "Level III" Facility
5        (c)   An SCC "GP" (General Population) Facility.

7   Petitioner:
8        (a)   Is under the Americans With Disabilities Act (A.D.A.),
9              and under the CDCR/CCHCS Disability Placement
10             Program (DPP),  SCC does not house DPP inmates.
11       (b)   Level III is much more dangerous housing.
12       (c)   Petitioner, while classified "GP" was housed at CASATF
13             where "Non-Designated" and "Sensitive Needs"
14             (Sex Offenders) house, integrated with GP inmates.

16             Once a GP inmate houses on a "Non-Designated
17             Programming Facility"... they are NOT allowed
18             to live/house again on a GP Facility. If such is
19             attempted, the inmate faces brutal attack
20             and could easily end up murdered.

22   At Classification Committee, T. Cisneros, Warden, was advised
23   of the above at which she:
24       (a)   Acknowledged the danger of re-housing a GP inmate
25             from a Non-Designated back to a GP Facility.
26       (b)   Ordered petitioner to SCC, Level III, GP Housing
27       (c)   Effectively acted to enforce a 'death sentence',

28

                              5.

## Covid To The ... Rescue

Petitioner acted in every manner to refuse and delay the SCC transfer ... and death sentence.

But it was a Covid resurgence and CDCR lockdown which:
   (a)   Staved-off transfer for months
   (b)   Allowed letter writing and administrative remedies
         to ... work.

Finally in April 2022 CDCR relented and petitioner was instead transferred to Valley State Prison.

## Destruction of Legal Property;
## Lock-Out From Digital Work Product

Since June 24, 2021 CDCR officials steadfastly act to deprive petitioner from access to his legal work product, over 300 files, which reside on his CDCR-approved "JPay JP5s" tablet.

Since June 24, 2021 CDCR officials systematically:
   (a)   Deprived access to paper/hard copy legal property.
   (b)   Ransacked through property ... 'secured' within the
         Ad-Seg Property Room, at which:
         (i) non-legal/personal property is 'missing',
         (ii) legal property is 'missing',

6.

*Two Years Of Covid Lockdowns;*

*Two Years Law Library Lockouts*

Since the Covid pandemic came into being, physical facilities were almost continually on lockdown. At CASATF this also meant no effective Law Library Access, even via 'paging' procedures.

Here at VSP there are improved Law Library provisions, and during Lockdowns Library Staff do visit Housing units regularly.

But for two years we've had no "meaningful access."

## Summary

Threats, more threats, more threats,
Torture, more torture, more torture,
Assault and Battery, with Great Bodily Injury,
Attempted Murder, with Great Bodily Injury,
Destruction of Legal Property,
Lock-Out from Legal Work Product,

This Habeas corpus petition is prepared, submitted, and litigated with a ... continual impedance to a "Full and Fair opportunity to Litigate"

7.

1    I                INTRODUCTION    (B)

2

3            HISTORY OF EVENTS ON ARREST,

4            TRIAL, AND POST-CONVICTION

5

6        PETITIONER, EVER SINCE WRITING THREE ESSAYS (1988, 1989, 1990)

7    WHICH ARTICULATED (1) INALIENABLE RIGHTS, (2) ABJECT FAILURE OF THE

8    ADVERSARIAL SYSTEM OF JURISPRUDENCE, AND (3) MARRYING INALIENABLE

9    RIGHTS TO CORRECT ENDEMIC FAILURE OF THE ADVERSARIAL SYSTEM, HAS

10   BEEN VILIFIED, SUBJECTED TO RIDICULE, AND ALL BUT BARRED FROM

11   LITIGATING IN STATE OR FEDERAL COURTS, OR ADMINISTRATIVE AGENCIES.

12

13       PETITIONER COMMENCED A CIVIL LITIGATION, SENATOR v. RAUS

14   (ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2016-00873431) REGARDING

15   UNLAWFUL CONVERSION OF PERSONAL PROPERTY; MOST IMPORTANT BEING

16   'A CENTURY' OF IRREPLACEABLE FAMILY PHOTOGRAPHS.

17

18       TRIAL COURT JUDGE GEOFFREY GLASS WAS AVERSE TO THE

19   LITIGATION AT THE OUTSET, AND VERBALLY ABUSIVE TOWARD PETITIONER.

20   (MUCH AS PREVIOUSLY WITH JUDGE CHARLES MARGINES IN THE DENTAL

21   MALPRACTICE MATTER, SENATOR v. CALDWELL; AVERSE AND ABUSIVE.)

22

23       WHEN DEFENDANT RICHARD RAUS DIED IN FEB. 2017, JUDGE

24   GLASS PRESSURED TO END THE CASE. PETITIONER CONTINUED ON IN HOPES

25   OF RETRIEVING PROPERTY. AT TRIAL JUDGE GLASS ANNOUNCED HE WAS

26   GOING TO ACT AS A "THIRD COUNSEL." HE ACTED AS SECOND DEFENSE

27   COUNSEL. FOR EVERY DEFENSE QUESTION OR OBJECTION, JUDGE GLASS

28   HAD TEN (10) QUESTIONS OR TEN (10) OBJECTIONS. TRIAL WAS A FARCE

                                8.

1    JUDGE GLASS FOUND FOR DEFENDANTS, WHILE MOCKING PETITIONER

3    PETITIONER FILED ELECTRONICALLY HIS REQUIRED "REQUEST TO FILE

4    NEW LITIGATION BY VEXATIOUS LITIGANT," SEEKING TO FILE A NOTICE OF

5    APPEAL (EXHIBIT: A) ON APRIL 22, 2019.

7    PETITIONER THEN FILED ELECTRONICALLY "APPELLANT'S SUPPLEMENTAL

8    AFFIDAVIT ON REQUEST TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT"

9    (EXHIBIT: B) ON APRIL 23, 2019.

11    PETITIONER WAS ARRESTED BY ORANGE COUNTY SHERIFF'S DEPT. (OCSO)

12    DEPUTIES APRIL 30, 2019.

13    NOTE: ALTHOUGH PETITIONER WAS CLASSIFIED "DISABLED"

14    BY A FEDERAL SOCIAL SECURITY ADMIN. PHYSICIAN, WAS

15    UNDER THE AMERICANS WITH DISABILITIES ACT (A.D.A.)

16    AND WALKING WITH AID OF A "ROLLATOR" (EXHIBIT: C)

17    (a) ARRESTING DEPUTIES REFUSED TO TRANSPORT THE

18    ROLLATOR WITH PETITIONER TO JAIL.

19    (b) JAIL MEDICAL STAFF

20    (i) STRIPPED ALL DISABILITY DESIGNATIONS,

21    WITHOUT EXAMINATION.

22    (ii) REFUSED TO PROVIDE A ROLLATOR, OR WALKER

23    WITHOUT EXAMINATION.

24    (iii) FORCED PETITIONER INTO HOUSING, WITH STAIRS,

25    EVEN WITH PETITIONER'S HISTORY OF

26    INTERMITTENT LUMBAR-TO-FEET PARALYSIS,

27    * CLEARLY VIOLATING PENAL CODE §§ 2653, 2656, AT AN

28    ABSOLUTE BARE MINIMUM.

9.

1    At the initial court hearing, May 3, 2019, petitioner opted
2    for self-representation.

3
4    On May 7, 2019, without notice or hearing, Presiding Judge
5    Erick Larsh issued an "Order For Reassignment Of Case To
6    Out-of-County Judge" citing "AOC Reciprocal Agreement Order
7    R-453-18" (Exhibit: D-1).

8
9    Something was amiss but petitioner was unsure, so letters
10   were sent and received regarding this out-of-county assignment;
11   (Exhibits: D-2; D-3; D-4).

12
13   Then in late 2021 when appellate counsel John Staley
14   returned a disheveled mishmash of documents, found within
15   were an email and letter dated Feb. 4, 2021 (Exhibit: D-5)
16   Clearly, there was no order for Los Angeles County Superior
17   Court Judges to sit as Orange County Superior Court Judges.
18   At least none in effect during pendancy of petitioner's proceedings.

19
20   Again, OCSD officials (custody and medical) stripped all A.D.A.
21   and related protections, doing so without medical examination.
22   Petitioner, instead of being transferred from OCSD custody at
23   Orange County Jail (OCJ) to Los Angeles County Sheriff's Dept. (LASD)
24   at Los Angeles County Jail (LACJ), was driven from OCJ all the way
25   to the Criminal Courts Building (Clara Shortridge-Foltz Criminal
26   Justice Center), and then had to walk down two (2) flights of stairs
27   while shackled, handcuffed, and waistchained. The waistchains
28   so tight petitioner's skin was bruised; black, blue, and red,

10.

1   THESE ISSUES WERE BROUGHT UP WITH DEFENSE COUNSEL
2   ALISON WORTHINGTON, AND BEFORE TRIAL JUDGE DOUGLAS SORTINO.
3   EVEN WITH PETITIONER REQUESTING A JUDICIAL COUNCIL FORM
4   MC-410 "REQUEST FOR ACCOMMODATIONS BY PERSONS WITH
5   DISABILITIES AND RESPONSE" BE FILED, DEFENSE COUNSEL FAILED
6   TO FILE ANY MC-410 (EXHIBIT: E) WHICH MEANT:
7       (a) NO ACCOMMODATION FOR VERIFIED DISABILITIES.
8       (b) TORTUROUS TRAVEL TO AND FROM COURT
9       (c) LIFE-ENDANGERING TRAVERSING MULTIPLE FLIGHTS OF
10          STAIRS ON ENTERING AND LEAVING THE COURTROOM
11
12   WE NOW KNOW THE REASON ORANGE COUNTY SUPERIOR COURT
13   DID NOT ORDER, THE STATUTORILY REQUIRED, PHYSICAL TRANSFER OF
14   PETITIONER FROM OCSO TO LASO CUSTODY. THAT WAS TO ALLOW TIME
15   FOR OCSO OFFICIALS TO MURDER PETITIONER, OF WHICH OCSO OFFICIALS
16   ENGAGED IN PENAL CODE §664/187 ATTEMPTED MURDER, AND
17   §182/187 CONSPIRACY TO COMMIT MURDER ON:
18       (a) JUNE 14, 2019   - 'GLASS' LACING OF FOOD
19       (b) AUG. 12, 2019   - INCITING INMATES TO MURDER.
20       (c) OCT. 30, 2019   - POISONOUS LACING OF FOOD.
21
22   PETITIONER FILED A CIVIL RIGHTS ACTION OVER THE ABOVE,
23   SENATOR v. COUNTY OF ORANGE, CASE NO. 30-2020-01141111, OF WHICH
24   PRESIDING JUDGE ERICK LARSH ACTED TO END THE LITIGATION, AND
25   ADDING FUEL TO THE FIRE, DID SO BY MAKING FALSE, DEFAMING
26   COMMENTS IN SUCCESSIVE MINUTE ORDERS (EXHIBIT: F)
27
28

11.

It was the incessant (a) stripping of disability reasonable accommodations, (b) torture, and (c) attempts to murder by OCSD officials, most notably on August 12th and 13th 2019, which led to the ... abrupt decision to end all proceedings and plead no contest. More so as it was an "open plea", with no protections. The plea was in effect an act of "self-defense" to stop State-Domestic Torture (18 U.S.C. §2340 (1)) and State-Domestic Terrorism (18 U.S.C. §2331 (5)) and State-Domestic Murder (18 U.S.C. §§1111, 1113, 1117)

But the court, the state, got what it wanted; conviction, irrespective of the means, motives, and crimes to obtain it.

As the record-on-appeal shows, the trial court acted to:
(a) Allow torture.
(b) Allow terrorism.
(c) Allow murder
(d) Cover-up for State-Domestic crimes as above.

Petitioner was sentenced to prison, without the factual history (HISTORY) of instigation and agitation by the courts towards petitioner ... for decades, being considered as an overwhelming mitigating factor.

Petitioner was, as has been for decades, cut-off and shut down during his 'Allocution' at sentencing. The state ... muzzling truth.

12.

1   ON APPELLATE REVIEW PETITIONER EXPRESSED HIS CONCERNS

2   OVER 'ANY' COUNSEL FROM APPELLATE DEFENDERS, INC. AS USUAL,

3   APPELLATE COUNSEL JOHN STALEY'S REPRESENTATION WAS WITHOUT

4   MERIT, NOR PROFESSIONALISM. PETITIONER RECEIVED NO BRIEFS

5   FROM APPELLATE COUNSEL (NOR FROM THE CALIF. ATTORNEY GENERAL)

6   (EXHIBIT: G-1)

7

8   FINALLY, PETITIONER RECEIVED FROM JOHN STALEY "APPELLANT'S

9   REPLY BRIEF ON DIRECT APPEAL". THIS BRIEF WAS SO WITHOUT

10   MERIT PETITIONER PREPARED "PETITIONER'S RESPONSE TO

11   "APPELLANT'S REPLY BRIEF ON DIRECT APPEAL" (EXHIBIT: G-2)

12

13   HOWEVER THE ABOVE PLEADING COULD ONLY BE MAILED TO THE

14   COURT OF APPEAL AS PRISON OFFICIALS WERE REFUSING TO PROVIDE

15   COPIES FOR SERVICE (EXHIBIT: G-2; LAST TWO PAGES, PROOF(S) OF SERVICE)

16

17   GOING BACK TO EXHIBIT: B, WRITTEN APRIL 23, 2019, ON

18   MAY 16, 2019 I WROTE LETTERS OF APOLOGY TO PRESIDING JUDGE

19   ERICK LARSH, AND TO JUDGE GEOFFREY GLASS (EXHIBIT: H).

20

21   THE APOLOGIES FOR PETITIONER'S VERBIAGE, WERE SINCERE AND

22   WARRANTED. BUT NO PERSON AFFILIATED WITH THE COURTS, NOR

23   WITH COCR/CCHCS... WHO ENGAGE DAILY WITH OPPRESSION, CASE-

24   FIXING, TORTURE, TERRORISM, ATTEMPTED MURDER AND MURDER...

25   ... ARE DUE ANY APOLOGY, AS NO APOLOGY IS DUE. PRESIDING

26   JUDGE ERICK LARSH SEALED THAT WITH HIS UNMERITORIOUS MINUTE

27   ORDERS (EXHIBIT: F). THAT 'WHITEWASH' DOES NOT COVER-UP THE

28   BLOOD OF STATE CRIMES THAT BLEEDS THROUGH A BLOOD STAIN.

13.

GROUND: 1    ENTRY INTO HOME, AND ARREST
                UNLAWFUL, ALSO VIOLATING STATE
                AND FEDERAL CONSTITUTIONAL
                PROTECTIONS

THE INCIDENT OCCURRED April 22, 2019, AND FROM THAT TIME OCSD INVESTIGATORS HAD PETITIONER UNDER INVESTIGATION AND SURVEILLANCE FOR AT LEAST FIVE (5) DAYS PRIOR TO ARREST April 30, 2019.

THERE WERE, ADMITTEDLY, NO EXIGENT CIRCUMSTANCES. THERE WAS, ADMITTEDLY, NO ATTEMPT TO EVEN SEEK ANY SEARCH WARRANT NOR ARREST WARRANT.

ENTERING PETITIONER'S HOME, WITHOUT SEEKING NOR RECEIVING PERMISSION, AND ARRESTING PETITIONER VIOLATED STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS, (Cal. Const. Art. I, §§ 1, 13, 7, 15; U.S. Const. Amends. Fourth, Fifth, AND Fourteenth.)

[ DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN of LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED. ]

GROUND: 2          REASSIGNMENT OF CASE TO
                   OUT-OF-COUNTY JUDGE INVALID,
                   VIOLATING STATE AND FEDERAL
                   CONSTITUTIONAL PROTECTIONS

ORANGE COUNTY SUPERIOR COURT PRESIDING JUDGE ERICK LARSH CLEARLY MISAPPLIED THE CALIF. SUPREME COURT DIRECTIVE, R-453-18

R-453-18 APPLIES TO ORANGE COUNTY SUPERIOR COURT JUDGES SITTING AS JUDGES IN OTHER COUNTY SUPERIOR COURTS. R-453-18 DOES NOT APPLY TO LOS ANGELES COUNTY SUPERIOR COURT JUDGES SITTING AS AN ORANGE COUNTY SUPERIOR COURT / JUDGE

THIS CLEARLY VIOLATED STATE AND FEDERAL CONSTITUTIONAL LAW (CAL. CONST. ART. I, §§ 14, 15; U.S. CONST. AMEND. FIFTH, SIXTH, AND FOURTEENTH.)

LOS ANGELES COUNTY SUPERIOR COURT HAD NO SUBJECT MATTER NOR PERSONAL JURISDICTION

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER CANNOT ARTICULATE MORE UNTIL RELEASED FROM PRISON ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

15.

1   GROUND: 3     REASSIGNMENT OF CASE TO

2                 OUT-OF COUNTY JUDGE PROCEEDING

3                 VIOLATED STATE-CREATED

4                 LIBERTY INTERESTS PROHIBITED

5                 UNDER STATE AND FEDERAL

6                 CONSTITUTIONS

7

8       WHETHER "CHANGE OF VENUE" OR "CHANGE OF SESSION"

9   THERE ARE CLEAR STATUTORY PROVISIONS REGARDING PROCEDURES

10  TO ADHERE TO, AND PROTECTIONS FOR DEFENDANTS. THE ACT BY

11  ORANGE COUNTY SUPERIOR COURT PRESIDING JUDGE ERICK LARSH,

12  USURPED AND VIOLATED ALL STATUTORY SECTIONS, AND CREATED

13  "STRUCTURAL ERROR" IN BOTH THE SENDING AND RECEIVING COURT.

14

15      BOTH SENDING COURT, ORANGE COUNTY SUPERIOR COURT, AND

16  RECEIVING COURT, LOS ANGELES COUNTY SUPERIOR COURT, ALONG WITH

17  PRESIDING JUDGE ERICK LARSH AND SUPERVISING JUDGE SAM OHTA,

18  KNOWINGLY... 'CONSPIRED' TO VIOLATE LAW AND PETITIONER'S RIGHTS.

19  THIS WAS NOT 'ERROR', BUT WILLFUL CONSPIRACY TO VIOLATE LAW.

20  (CALIF. PENAL CODE §§ 1033, 1036; GOVT. CODE § 69740; CAL. CONST. ART. I,

21  §§ 7, 14, 15; U.S. CONST. AMENDS. FIFTH, SIXTH, FOURTEENTH.)

22

23      [DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF

24  LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER

25  CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON

26  ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

27

28

16.

GROUND: 4    "ASSIGNED FOR ALL PURPOSES,"
OR STEERING TO SPECIAL JUDGE
TO SHORT-CIRCUIT PEREMPTORY
CHALLENGE VIOLATES STATE AND
FEDERAL CONSTITUTIONAL PROTECTIONS

RECEIVING COURT JUDGE DOUGLAS SORTINO ASSERTING HE WAS "ASSIGNED FOR ALL PURPOSES" VIOLATED STATUTORY RIGHTS OF PEREMPTORY CHALLENGE. THIS BAKED-IN STRUCTURAL ERROR TO ALL PROCEEDINGS.

JUDGE SORTINO CLAIMED ON THE ONE-HAND TO BE "ASSIGNED FOR ALL PURPOSES," BUT ON THE OTHER HAND CLAIMED TO HAVE "NO JURISDICTION" TO STOP STATE-TERRORISM, TORTURE AND MURDER ATTEMPTS BY OCSO CUSTODIAL DEPUTIES.

STRIPPING THE PEREMPTORY RIGHT TO CHANGE A JUDGE, AND THE RIGHT TO CHALLENGE AND CHANGE FOR PREJUDICIAL BIAS, VIOLATES STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS (CAL. CONST. ART. I, §§ 1, 7, 14, 15; U.S. CONST. AMENDS. FIFTH, SIXTH, FOURTEENTH.)

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER CANNOT ARTICULATE MORE UNTIL RELEASED FROM PRISON ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

17.

1    GROUND: 5        DEFENDANT'S "OPINIONS" WHILE

2                        REPUGNANT ARE NOT PROSECUTABLE

3                        UNDER STATE AND FEDERAL

4                        CONSTITUTIONAL PROTECTIONS

5

6        PETITIONER'S "OPINIONS" (EXHIBITS: A, B, H) WHILE TAKEN

7    TO BE REPUGNANT, ARE NOT PROSECUTABLE AS OPINIONS ARE

8    PROTECTED UNDER STATE AND FEDERAL CONSTITUTIONS (CAL. CONST.

9    ART. I, §§ 1, 2; U.S. CONST. AMENDS, FIRST, FOURTEENTH.)

10

11        [DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF

12        LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER

13        CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON

14        ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18.

GROUND: 6        DEFENDANT'S 'VERBIAGE' NOT

A "TRUE THREAT" UNDER STATE

AND FEDERAL CONSTITUTIONAL

PROTECTIONS

PETITIONER'S "OPINIONS" (EXHIBITS: A, B, H) ARE NOT

"TRUE THREATS" (PEOPLE IN INTEREST OF R.D. (Colo. 2020)

464 P.3d 717, 725-734) GIVEN THE "CONTEXT IN WHICH THE

STATEMENT WAS MADE."

PROSECUTING PETITIONER'S "OPINIONS" VIOLATES HIS PROTECTIONS

UNDER STATE AND FEDERAL CONSTITUTIONS, IRRESPECTIVE OF THE

REPUGNANT VERBIAGE UTILIZED. (CAL. CONST. ART. I, §§ 1, 2, 7, 15, 17;

U.S. CONST. AMENDS. FIRST, FIFTH, SIXTH, EIGHTH, FOURTEENTH.)

[ DUE TO CONFISCATED, DESTROYED, AND LOCKED-DOWN

LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER

CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON

ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED. ]

19.

1  GROUND: 7    "OPINIONS" AND VERBIAGE AS CLEAR
2                RESPONSE TO RAMPANT ABUSE BY
3                TRIAL COURTS, IS AN ACT OF
4                SELF-DEFENSE AND THUS NOT
5                SUBJECT TO PROSECUTION

7      PETITIONER'S "OPINIONS" (EXHIBITS: A, B, H) WHILE TAKEN
8  TO BE REPUGNANT, WERE A CLEAR RESPONSE OF VICTIMIZATION VIA
9  INCESSANT ABUSE OF PETITIONER BY THE ALLEGED VICTIMS,

11     PETITIONER'S RESPONSIVE "OPINIONS" ARE ACTS OF SELF-DEFENSE
12  AGAINST STATE-ACTORS, AND THUS NOT SUBJECT TO PROSECUTION.

14     PROSECUTING FOR VERBAL SELF-DEFENSE, OR WRITTEN SELF-DEFENSE
15  VIOLATES STATE STATUTORY, ALONG WITH STATE AND FEDERAL
16  CONSTITUTIONAL PROTECTIONS, (CALIF. CIVIL CODE §§ 43, 50; CAL. CONST.
17  ART. I, §§ 1, 2, 7, 15, 17; U.S. CONST. AMENDS. FIRST, FIFTH, EIGHTH,
18  FOURTEENTH.)

20     [DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
21  LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
22  CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
23  ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

20.

GROUND: 8    BRADY VIOLATION AND STRUCTURAL ERROR
             BY PROSECUTING ON PARTIAL ACT INSTEAD
             OF ENTIRE ACT VIOLATES STATE AND
             FEDERAL CONSTITUTIONAL PROTECTIONS

EXHIBITS: A AND B COMPRISE THE INCIDENT (EVID. CODE $\S$ 356)

THE PROSECUTION ACTED TO WITHHOLD AND SUPPRESS
EXHIBIT: B FROM:
    (a)  ALLEGED VICTIMS/WITNESSES
    (b)  TRIAL COURT PROCEEDINGS

THIS VIOLATED PETITIONER'S RIGHTS TO A JUDGMENT
'ON-THE-MERITS', DENIED FAIR TRIAL PROCEEDINGS. CLEARLY A
'BRADY VIOLATION' VIOLATING STATE AND FEDERAL CONSTITUTIONAL
PROTECTIONS. (CAL. CONST. ART. I, $\S$§ 1, 7, 15, 28 (f)(2), 30 (c);
U.S. CONST. AMENDS. FIFTH, SIXTH, FOURTEENTH.)

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

21.

GROUND: 9    ALTERING AND HIGHLIGHTING SPECIFIC PARTS
OF EVIDENCE TAINTED VICTIM/WITNESS
RESPONSES IN VIOLATION OF STATE AND
FEDERAL CONSTITUTIONAL PROTECTIONS

OCSD INVESTIGATORS ONLY SHOWED ALLEGED VICTIMS/WITNESSES:
(a)  EXHIBIT: A; FAILING TO SHOW THEM.
(b)  EXHIBIT: B

EXHIBITS: A AND B COMPRISE THE INCIDENT (EVID. CODE $356).

OCSD INVESTIGATORS PREJUDICIALLY ALTERED EXHIBIT: A BY
USING 'HIGHLIGHTER' PENS TO EMPHASIZE SPECIFIC TEXT; AS SUCH
BEING OUT-OF-CONTEXT, AND IRREPARABLY PREJUDICING ANY
ALLEGED VICTIM/WITNESS TESTIMONY.

ALTERING EXHIBIT: A AND WITHHOLDING EXHIBIT: B VIOLATED
PETITIONER'S STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS
(CAL. CONST. ART. I, §§ 1, 7, 15, 28(f)(2); U.S. CONST. AMENDS.
FIFTH, SIXTH, FOURTEENTH.)

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

22.

GROUND: 10    STRUCTURAL ERROR BY COURT ACTING
TO SUPPRESS ENTIRE ACT VIOLATES
STATE AND FEDERAL CONSTITUTION

EXHIBITS: A AND B COMPRISE THE INCIDENT (EVID. CODE §356).

THE TRIAL COURT ACTED (IN CONJUNCTION WITH THE PROSECUTION) TO SUPPRESS EXHIBIT: B FROM THE PROCEEDINGS LEADING TO STRUCTURAL ERROR AND VIOLATING STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS. (CAL. CONST. ART. I, §§ 1, 7, 15, 28(f)(2), 30(c); U.S. CONST. AMENDS. FIFTH, SIXTH AND FOURTEENTH.

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

23.

GROUND: II      PENAL CODE §995 HEARING. USING
                "BUDDY COURT" INHERENTLY PREJUDICIAL
                VIOLATING STATE AND FEDERAL
                CONSTITUTIONAL PROTECTIONS

WHEN COURT A AND B SHARE WORK LOADS, "BUDDY COURTS, IT IS INHERENTLY (AND STRUCTURALLY) BIASED TO HAVE EITHER COURT SIT IN JUDGMENT OF THE OTHER.

AGAIN, STRUCTURAL LACK OF NEUTRALITY LEADS TO A LACK OF CONFIDENCE IN THE PROCEEDING.

HERE TOO, DEFENSE COUNSEL WORTHINGTON VOICED DISPLEASURE TO DEFENDANT, BUT STATED NOTHING TO CHALLENGE OR CHANGE THE 995 COURT, NOR DID SHE FILE PLEADINGS TO DO SO.

THE "BUDDY COURT" AS A 995 COURT, VIOLATES STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS. (CAL. CONST. ART. I, §§ 7, 15; U.S. CONST. AMENDS. FIFTH, SIXTH, FOURTEENTH)

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-UP OF LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

24.

GROUND: 12      STRUCTURAL ERROR VIA STATEMENTS OF
                CLEAR BIAS BY TRIAL COURT VIOLATING
                STATE AND FEDERAL CONSTITUTIONAL
                PROTECTIONS

    THE RECORD-ON-APPEAL EVINCES, THROUGH INCESSANT
STATEMENTS AND VERBIAGE BY THE TRIAL COURT, A BIAS SO SEVERE
IT CLOUDED ALL ASPECTS OF THE PROCEEDINGS.

    CONFIDENCE IN THE PROCEEDINGS ?  GO AHEAD, CON YOURSELF; LIE.

    EVEN DEFENSE COUNSEL ALISON WORTHINGTON COMPLAINED ABOUT
THE TRIAL COURT'S INCESSANT BIAS.  SHE COMPLAINED TO PETITIONER
BUT WAS TOO TIMID TO COMPLAIN IN COURT, OR FILE PLEADINGS SEEKING
TRANSFER TO ANOTHER COURT.

    SO BIASED, DEFENSE COUNSEL WAS PARALYZED.  BIAS IN VIOLATION OF
STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS. (CAL. CONST. ART. I,
§§ 7, 15; U.S. CONST. AMENDS. FIFTH, SIXTH, FOURTEENTH.)

    [ DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
    LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
    CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
    ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED. ]

GROUND: 13    PLEA TAKEN UNDER DURESS
              AND IN TOTALITY OF CIRCUMSTANCES
              VIOLATED STATE AND FEDERAL
              CONSTITUTIONAL PROTECTIONS

    THE FACTUAL AND WELL-SUPPORTED HISTORY OF THIS MATTER
REVEALS THE STATE ONLY SECURED THE ABRUPT, ABOUT-FACE PLEA,
AN "OPEN" NO CONTEST PLEA, WAS DUE TO SUSTAINED:
        (a)  STATE-DOMESTIC TORTURE
        (b)  STATE-DOMESTIC TERRORISM
        (c)  STATE-DOMESTIC MURDER ATTEMPTS.

    THE PLEA, WAS AND CONTINUES TO BE A STAIN, VIOLATING
STATE AND FEDERAL Constitutional protections. ( CAL. CONST. ART. I,
§ 1, 7, 15, 17; U.S. CONST. AMENDS. FIRST, FIFTH, SIXTH, EIGHTH, FOURTEENTH.)

    [ DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

26.

GROUND: 14    SENTENCING ALLOCUTION MUZZLED
VIOLATING STATE AND FEDERAL
CONSTITUTIONAL PROTECTIONS

PETITIONER HAS A STATUTORY RIGHT TO ADDRESS THE COURT
AT SENTENCING, EVEN IF BY DOING SO HE WOULD BE SUBJECT TO
EXAMINATION BY THE PROSECUTION OR EVEN THE COURT. THIS CREATES
A LIBERTY INTEREST PROTECTED UNDER STATE AND FEDERAL
CONSTITUTIONS.

THE TRIAL COURT, ACTIVELY MUZZLING PETITIONER, MUZZLING
TRUTH AND FACT, VIOLATED THE LAW. (CAL. CONST. ART. I, §§ 2, 7, 15,
28 (f)(a); U.S. CONST. AMENDS. FIRST, FIFTH, SIXTH, FOURTEENTH )

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

27.

GROUND: 15    SENTENCING MITIGATING FACTORS
                GREATLY OUTWEIGHED AGGRAVATING
                FACTORS WITH FAILURE TO APPLY
                VIOLATING STATE AND FEDERAL
                CONSTITUTIONAL PROTECTIONS

THE FACTUAL HISTORY IS WELL-KNOWN, EVEN THOUGH THE TRIAL
COURT ACTED TO MUZZLE PETITIONER'S "ALLOCUTION" AT SENTENCING.

LOOK AT THE FACTUAL HISTORY. PETITIONER IS SUBJECTED TO
OVERT RIDICULE IN COURT AFTER COURT, AFTER COURT, AFTER COURT
... FOR YEARS AND YEARS, DECADES. AND THEN PETITIONER SUBMITS
HIS OPINIONS AND VOILA, PETITIONER (THE FACTUAL VICTIM OF
STATE-DOMESTIC TERRORISM/TORTURE/MURDER) BECOMES THE
OFFENDER. PETITIONER'S "OPINIONS" ARE REPUGNANT, YES,
BUT THE ACTS BY STATE-ACTORS IS MUCH MORE REPUGNANT.

FAILING TO, TRUTHFULLY RECOGNIZE AND APPLY MITIGATING FACTORS,
AND THAT THEY FAR OUTWEIGH AGGRAVATING FACTORS VIOLATES DUE
PROCESS AND EQUAL PROTECTIONS; Cal. Const. Art. I § 7, 15, 28(f)(2);
U.S. Const. Amends. FIFTH, SIXTH, FOURTEENTH.

[ DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
  LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
  CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
  ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED. ]

28.

GROUND: 16    SENTENCING ROMERO MOTION SHOULD
              HAVE BEEN GRANTED DUE TO TIME,
              AGE, AND MITIGATING FACTORS

PETITIONER'S PRIOR OFFENSE FROM 1997, PENAL CODE §422,
A SERIOUS FELONY (NOT A VIOLENT FELONY) SHOULD HAVE BEEN
DISMISSED OR STRICKEN AS:
        (a) IT WAS 22 YEARS AGO (IN 2019)
        (b) IT WAS 7 YEARS SINCE DISCHARGE OF THE PRIOR CUSTODY
            (JUNE 2012)
        (c) PETITIONER WAS 64 YEARS OLD (IN 2019)
        (d) THE INCIDENT (EXHIBITS: A AND B) WERE IN
            RESPONSE TO DECADES OF ABUSE BY THE
            ALLEGED VICTIMS.

    IN THIS INSTANCE, FAILING TO DISMISS OR STRIKE RESULTED IN A
DOUBLED BASE TERM, MORE STATE-ABUSE, CONSTITUTING CRUEL OR
UNUSUAL PUNISHMENTS; VIOLATING CAL. CONST. ART. I, §17;
U.S. CONST. AMEND. EIGHTH AND FOURTEENTH

    [DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

29.

1  GROUND: 17    SENTENCING MULTIPLE PUNISHMENTS
2                VIOLATING STATE AND FEDERAL
3                CONSTITUTIONAL PROTECTIONS

5      CALIF. PENAL CODE §654 ALONG WITH CALIF. RULES OF COURT
6  RULE 4.424 PROHIBIT MULTIPLE PUNISHMENTS WHICH EMANATE
7  FROM ACTS OCCURRING AT THE SAME TIME, ARISING FROM THE
8  SAME SET OF OPERATIVE FACTS (PEOPLE v. HARRIS (1989) 47 CAL. 3D 1047.)

10     THIS CREATES A LIBERTY INTEREST PROTECTED UNDER STATE AND
11 FEDERAL CONSTITUTIONS OF WHICH PETITIONER'S MATTER SQUARELY SITS.
12 (CAL. CONST. ART. I, §§ 7, 15; U.S. CONST. AMENDS. FIFTH, SIXTH,
13  FOURTEENTH.)

15     [ DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF
16  LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
17  CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
18  ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED. ]

30.

GROUND: 18      SERIAL INSTANCES OF INEFFECTIVE
                ASSISTANCE OF TRIAL COUNSEL
                VIOLATING STATE AND FEDERAL
                CONSTITUTIONAL PROTECTIONS

IN THIS MATTER, DEFENSE COUNSEL:

   (a) FAILED TO CHALLENGE THE OUT-OF-COUNTY REASSIGNMENT

   (b) FAILED TO LODGE A PEREMPTORY CHALLENGE

   (c) FAILED TO CHALLENGE DUE TO JUDICIAL BIAS

   (d) FAILED TO SECURE PETITIONER'S STATUTORY CUSTODY WITH
      LASD, REMOVING PETITIONER FROM TORTUROUS, MURDEROUS
      OCSD CUSTODY.

   (e) FAILED TO CHALLENGE THE 995 HEARING "BUDDY COURT,"

   (f) ALLOWED AN INEXPERIENCED 'MOTION ATTORNEY' TO PREPARE
      AND ARGUE THE 995 HEARING, MOREOVER DOING SO WITHOUT
      FIRST (i) INTERVIEWING PETITIONER AND (ii) PROVIDING THE
      MOTION BRIEFS TO PETITIONER FOR AUGMENTATION AND
      CORRECTION ... PRIOR TO FILING AND SERVING.

   THIS MATTER IS STUFFED TO THE GILLS WITH NOT ONLY COURT
STRUCTURAL ERROR, BUT ALSO PROSECUTORIAL MISCONDUCT, AND ALL
BUTTRESSED BY INEFFECTIVE ASSISTANCE OF DEFENSE COUNSEL
(CAL. CONST. ART. I, § 7, 14, 15; U.S. CONST. AMENDS. FIFTH, SIXTH, FOURTEENTH.)
   [ DUE TO CONFISCATION, DESTRUCTION AND LOCK-DOWN OF
   LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER
   CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON
   ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

31.

Ground: 19    COURT OF APPEAL LACKED JURISDICTION
As No "TRANSFER OF CAUSE" MADE BY
SUPREME COURT VIOLATING STATE AND
FEDERAL CONSTITUTIONS

PETITIONER'S MATTER, OUT OF ORANGE COUNTY, CONFERS STATE APPELLATE JURISDICTION UPON STATE COURT OF APPEAL FOURTH APPELLATE DISTRICT, DIVISION THREE (SANTA ANA). HOWEVER, IN VIOLATION OF CALIF. CONST. ART. VI - JUDICIAL, §11 - APPELLATE JURISDICTION, AT SUBD. (a), AND §12 - TRANSFER OF CAUSES, AT SUBD. (a), DIRECT APPELLATE REVIEW WAS THROUGH THE FOURTH APPELLATE DISTRICT, DIVISION ONE (SAN DIEGO).

EERILY SIMILAR TO GROUNDS: 2 AND 3 WHERE "OUT-OF-COUNTY" REASSIGNMENT VIOLATED STATUTORY AND CONSTITUTIONAL LAWS RESULTING IN TRIAL COURT PROCEEDINGS BEFORE A COURT WITHOUT JURISDICTION, WE HAVE THE SAME ON DIRECT APPELLATE REVIEW.

CALIF. CONST. ART. VI §§11 AND 12 CREATE "LIBERTY INTERESTS," AND WHERE VIOLATED DIRECTLY OR VIA A LACK OF NOTICE OR OTHER DUE PROCESS, VIOLATE FEDERAL DUE PROCESS (FIFTH, SIXTH, AND FOURTEENTH AMENDS.)

APPELLATE COUNSEL STALEY, AVOIDED ISSUES OF MERIT, PUT FORTH ISSUES OF LESS MERIT, AND CRAFTED MISGUIDED AND ERRONEOUS ARGUMENTS MAKING DIRECT APPELLATE REVIEW, A FARCE. HERE, AN APPELLATE COURT NOT EVEN HAVING JURISDICTION TO ENTERTAIN REVIEW.

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER CANNOT ARTICULATE MORE UNTIL RELEASED FROM PRISON ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED]

32.

GROUND: 20    INEFFECTIVE ASSISTANCE OF STATE

APPELLATE COUNSEL ON DIRECT APPEAL

IN VIOLATION OF STATE AND FEDERAL

CONSTITUTIONS.

STATE-APPOINTED 'APPELLATE DEFENDERS' COUNSEL JOHN STALEY:

(a)    FAILED TO PROVIDE ANY APPELLATE BRIEFING (PETITIONER OR

RESPONDENT), EXCEPT FOR THE FINAL "APPELLANT'S REPLY

BRIEF ON DIRECT APPEAL"; WHICH WAS WITHOUT MERIT

AT WHICH APPELLANT RESPONDED (EXHIBIT: G-2).

(b)    FAILED TO ARGUE A LACK OF TRIAL COURT JURISDICTION

(GROUNDS: 2 AND 3; EXHIBITS: D-1 TO D-4) OF WHICH

STALEY CLEARLY KNEW (EXHIBIT: D-5).

(c)    FAILED TO ACT TO CORRECT THE ISSUE OF APPELLATE

COURT JURISDICTION (GROUND: 19).

(d)    AVOIDED ISSUES OF MERIT, PUT FORTH ISSUES OF LESS MERIT,

CRAFTING MISGUIDED AND ERRONEOUS ARGUMENTS WHICH

LED TO DIRECT APPELLATE REVIEW BEING A FARCE

(CAL. CONST. ART. I, §15; U.S. CONST. AMENDS. SIXTH, FOURTEENTH).

[DUE TO CONFISCATION, DESTRUCTION, AND LOCK-DOWN OF

LEGAL WORK PRODUCT BY PRISON OFFICIALS, PETITIONER

CANNOT ARTICULATE MORE UNTIL RELEASE FROM PRISON

ALLOWING LEGAL WORK PRODUCT TO BE REACQUIRED.]

## Conclusion

For DECADES petitioner has been subjected to abusive disparagement by State and Federal courts and its officers. And all for telling truth and fact about the abject lack of merit in the American adversarial system of jurisprudence.

Former Judges court clerk Joan Ashworth said it best, "I've been a judges clerk some 28 years, and I tell you the judges lie every day, every single day."

The courts, through its sheriff's departments and the Calif. Dept. of Corrections + Rehabilitation (CDCR), have:

(a)  Threatened to murder petitioner's son

(b)  Threatened to murder former fiancee's daughters Thien (11 yrs old) and Kristine (6 yrs old).

(c)  Attempted to murder petitioner via OCSO on three (3) occasions.

(d)  Attempted to murder petitioner via CDCR on three (3) occasions.

(e)  Ritually engaged in torture and terrorism.

It is my "opinion" that the self-defense of justifiable homicide (Civil Code §§43, 50; Penal Code §197; Cal. Const. Art. I, §1) be fully considered as a means to invoke inalienable rights as evinced in the Declaration of Independence of 1776.

However, it should be focused and limited, and not include destruction of property owned by The People. Rights + Responsibilities command focused, limited actions, with all efforts to rebuild so to protect our liberties.

34.

PRAYER FOR RELIEF

WHEREFORE PETITIONER PRAYS THAT THIS COURT:

1) FIND THAT ENTRY INTO PETITIONER'S HOME WAS UNLAWFUL.

2) FIND THAT THE ARREST OF PETITIONER WAS UNLAWFUL.

3) FIND THAT CALIF. SUPREME COURT DIRECTIVE R-453-18 DID NOT ALLOW LOS ANGELES COUNTY SUPERIOR COURTS/JUDGES TO SIT AS ORANGE COUNTY SUPERIOR COURTS/JUDGES, AND AS SUCH, THE REASSIGNMENT WAS INVALID, AND BEING REVERSIBLE ERROR.

4) FIND THAT THE REASSIGNMENT VIOLATED SUPERCEDING STATUTORY AND CONSTITUTIONAL LAW, AND BEING REVERSIBLE ERROR.

5) FIND THAT "ASSIGNED FOR ALL PURPOSES" TO JUDGE DOUGLAS SORTINO OF THE RECEIVING COURT VIOLATED SUPERCEDING STATUTORY AND CONSTITUTIONAL LAW, AND BEING REVERSIBLE ERROR.

6) FIND THAT PETITIONER'S "OPINIONS," IRRESPECTIVE OF VULGARITY AND REPUGNANCY, ARE PROTECTED SELF-EXPRESSIONS, AND NOT SUBJECT TO PROSECUTION.

7) FIND THAT PETITIONER'S "OPINIONS," IRRESPECTIVE OF VULGARITY AND REPUGNANCY, DO NOT CONSTITUTE A "TRUE THREAT" GIVEN THE "CONTEXT IN WHICH THE STATEMENT WAS MADE."

8) FIND THAT PETITIONER'S "OPINIONS" WERE SELF-EXPRESSION AND SELF-DEFENSE, IN RESPONSE TO DECADES OF ABUSE BY THE ALLEGED VICTIM; SELF-DEFENSE NOT SUBJECT TO PROSECUTION.

9) FIND THE PROSECUTION ENGAGED IN PREJUDICIAL ERROR, A BRADY VIOLATION, BY PROSECUTING UPON A PARTIAL ACT (EXHIBIT: A) INSTEAD OF THE "ENTIRE ACT" (EXHIBITS: A AND B).

35.

10) FIND THE PROSECUTION AND ITS OCSD INVESTIGATORS ENGAGED IN PREJUDICIAL ERROR, BY ALTERING AND HIGHLIGHTING SPECIFIC PARTS OF TEXT, EMPHASIZING SPECIFIC TEXT, IRREPARABLY PREJUDICING ALLEGED VICTIM/WITNESS TESTIMONY.

11) FIND STRUCTURAL ERROR BY THE TRIAL COURT ACTING TO SUPPRESS THE "ENTIRE ACT" (EXHIBITS: A AND B) FROM THE PROCEEDINGS.

12) FIND THE "BUDDY COURT" SYSTEM FOR 995 MOTION HEARINGS BEING INHERENTLY PREJUDICIAL, AND STRUCTURAL ERROR.

13) FIND THE SYSTEMIC STATEMENTS, OVER MANY HEARINGS, EXPOSING A CLEAR JUDICIAL BIAS, IRREPARABLY PREJUDICED PETITIONER; BEING STRUCTURAL ERROR.

14) FIND THAT THE PLEA WAS MADE ABRUPTLY, OUT OF CLEAR DURESS, AND OUT OF 'STRUCTURAL ERROR' WHEREBY THE TRIAL COURT: (a) FAILED TO PROTECT PETITIONER'S SAFETY AND LIFE FROM OCSD OFFICIALS, AND (b) GAVE A "GREEN LIGHT" FOR OCSD OFFICIALS TO TERRORIZE TORTURE, AND MURDER.

15) FIND THAT PETITIONER WAS IRREPARABLY PREJUDICED BY THE TRIAL COURT'S MUZZLING OF PETITIONER DURING HIS ... ATTEMPTED SENTENCING ALLOCUTION.

16) FIND THAT SENTENCING-MITIGATING FACTORS GREATLY OUTWEIGHED ANY FACTORS IN AGGRAVATION, AND PETITIONER WAS IRREPARABLY PREJUDICED BY THE TRIAL COURT SUPPRESSING PETITIONER'S MITIGATING FACTORS RELATING TO DECADES OF ABUSE BY STATE AND FEDERAL COURTS, AND THE ALLEGED VICTIMS.

17) FIND THAT THE COURT COMMITTED REVERSIBLE ERROR IN DENYING THE ROMERO MOTION TO DISMISS OR STRIKE THE PRIOR 1997 SERIOUS FELONY FOR SENTENCING ENHANCEMENT.

18) Find petitioner was sentenced in violation of Penal Code $654.

19) Find there were serial instances of ineffective assistance of defense counsel which irreparably prejudiced petitioner.

20) Find the State Court of Appeal Fourth Appellate District, Division One Lacked Jurisdiction.

21) Find there were serial instances of ineffective assistance of state appellate counsel which irreparably prejudiced petitioner.

20) Overturn the conviction.

21) Bar further prosecution

22) If conviction not overturned, order resentencing with full consideration of mitigating factors, including all terms and enhancements.

23) Issue an Order to Show Cause as to why the relief sought should not be granted

24) Issue any further orders and grant any further relief in the interests of Justice

Dated:

BRUCE R. SENATOR

VERIFICATION

Having read this document, I attest to its truth and accuracy upon knowledge and belief, under penalty of perjury under the laws of California and the United States.

Dated:

BRUCE R. SENATOR

37.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRUCE RICHARD SENATOR
                    ~~Plaintiff~~ or Petitioner

V.                                                      Case Number:

L. BIRD, WARDEN
                    ~~Defendant~~ or Respondent

                                                        PROOF OF SERVICE

_____ /

I hereby certify that on_____Nov. 10_____, _2022_, I served a copy of the
PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
attached ( 28 U.S.C. § 2254)

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said

envelope in the United States Mail at _CHOWCHILLA, CA_

**(List Name and Address of Each
Defendant of Attorney served)**

ROB BONTA, ATTORNEY GENERAL          L. BIRD, WARDEN
CALIFORNIA DEPT. OF JUSTICE          VALLEY STATE PRISON
P.O. BOX 85266                       21633 AVE. 24
SAN DIEGO, CA. 92186-5266            P.O. BOX 99
                                     CHOWCHILLA, CA. 93610

I declare under penalty of perjury that the foregoing is true and correct.

                              Bruce R. Senator

                              BRUCE R. SENATOR
                              **(Name of Person Completing Service)**

## PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P.5;28 U.S.C. §1746)

I,____BRUCE RICHARD SENATOR_____, declare:

I am over 18 years of age and a party to this action. I am a resident of: _VALLEY STATE_ prison, in the

county of___MADERA_____ in the State of California. My Prison is:_____
VALLEY STATE PRISON
21633 AVE. 24        P.O. BOX 92      CHOWCHILLA CA. 93610                   .

        On _____NOV. 10, 2022_____,

I served the attached documents: ① PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON

IN STATE CUSTODY 28 U.S.C. §2254; ② SEPARATELY ATTACHED APPENDICES

AND EXHIBITS

(Describe Document)

On the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope.  With

postage therein fully paid in the United States Mail in a deposit box so provided at the above-named

correctional institution in which I am presently confined.  The envelope was addressed as follows:

ROB BONTA, ATTORNEY GENERAL          L. BIRD, WARDEN
CALIFORNIA DEPT. OF JUSTICE          VALLEY STATE PRISON
                                     21633 AVE. 24
P.O. BOX 85266          and to:      P.O. BOX 99
SAN DIEGO, CA. 92186-5266            CHOWCHILLA CA. 93610

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is
true and correct.

Executed on __NOV. 10, 2022_____        ____Bruce R. Senator_____

        (Date)                              (Signed)

A. MEDINA
11/10/22
VALLEY
STATE
PRISON

